IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DANESHA NELSON,<br>  PLAINTIFF,<br><br>v.<br><br>FIRST QUALITY FINANCIAL SERVICES LLC,<br>and JOHN VASCONCELLOS, individually,<br>  DEFENDANTS | Case No. 4:20-cv-147 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Danesha Nelson ("Plaintiff"), by and through her undersigned counsel, brings this lawsuit against First Quality Financial Services LLC ("First Quality") and John Vasconcellos ("Vasconcellos") and alleges as follows:

## NATURE OF ACTION

1. This lawsuit is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., the Texas Finance Code ("TFC") § 392.001, et seq., and the State of California Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA"), California Civil Code at §§ 1788, et seq.

2. Defendants are subject to the collection laws of the state of California because Defendants were located in and residents of the state of California at all times relevant hereto and Defendants' actions were directed at Plaintiff from Defendants' location in California.

3. Defendants are subject to the collection laws of the state of Texas because Plaintiff was located in the state of Texas at all times relevant hereto.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 15 U.S.C.§ 1692k(d) and 28 U.S.C. § 1331.

5. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

6. Venue is proper before this Court pursuant to 28 U.S.C.§ 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District and where Plaintiff resides in this State and this District.

## PARTIES

7. Plaintiff is a natural person, who at all relevant times resided in Harris County, Texas, and thus is a "person" as that term is defined by California Civil Code § 1788.2(g).

8. First Quality Financial Services LLC is a Delaware LLC with principal offices situated at 255 E Rincon Street, Suite 213, Corona, CA 92879, according to its most recent filing with the California Secretary of State.

9. First Quality may be served through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service in California, or in accordance with California or Texas law.

10. Vasconcellos is a natural person, believed to be residing at 12495 Bougainvillea Way, Riverside, CA 92503.

11. Vasconcellos may be served wherever he may be found in accordance with California or Texas law.

12. Vasconcellos is a managing member of First Quality.

## FACTUAL ALLEGATIONS

13. Plaintiff was allegedly obligated on an old Wells Fargo Bank account which allegedly incurred an overdraft or insufficient funds charge. The Wells Fargo Bank account

was used for personal or family purposes and not business or commercial purposes in any way.

14. The account originated with an entity other than Defendants and went into default prior to being sold to one or more of the Defendants.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

16. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

17. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and by Cal. Civ. Code § 1788.2(d) and constitutes a "consumer debt" as that term is defined by Cal. Civ. Code §1788.2(f) and Tex. Fin. Code § 392.001(2).

18. On information and belief, First Quality purchased the Account, or otherwise obtained the right to collect it, after the Account went into default with the original creditor.

19. First Quality attempted collections directly from Plaintiff in order to make a profit.

20. The principal purpose of First Quality is the purchase of delinquent debts and the collection of those debts, directly or indirectly, using the mails and telephone and other means.

21. First Quality regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

22. First Quality is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

23. First Quality, in the ordinary course of business, regularly, and on behalf of itself and

others, engages in the practice of collecting "consumer debts", and thereby engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

24. Because First Quality engages in "debt collection", First Quality is therefore a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

25. As stated above, Vasconcellos, according to filings with the California Secretary of State, is the sole member of First Quality.

26. During all times pertinent hereto, Vasconcellos (a) created the collection policies and procedures used by First Quality, and its respective employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of First Quality, (c) oversaw the application of the collection policies and procedures used by First Quality and its employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by First Quality and its employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by First Quality and its employees and agents in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by First Quality and its employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

27. Vasconcellos is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

28. Vasconcellos engages in the practice of collecting "consumer debts", and thereby engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

29. Because Vasconcellos engages in "debt collection", Vasconcellos is therefore a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

30. During the one year prior to the date of the filing of this Complaint, First Quality and/or representative(s), employee(s) and/or agent(s) of First Quality made telephone calls to Plaintiff to collect the Account.

31. In one such conversation, on or about August 26, 2019, First Quality's employee told Plaintiff that she was being served with a lawsuit and that a new address was needed because they could not find her at her prior address.

32. When Plaintiff stated that she was not aware of the legal troubles being explained to her, she was transferred to someone that identified as "Abel Dorsey and Associates."

33. On information and belief, "Abel Dorsey and Associates" is not a real company, but rather an unregistered fictitious name used by First Quality to hide its fraudulent business practices.

34. Plaintiff was told that her wages would be garnished if she did not handle the account within 48 hours.

35. Plaintiff gave in to the threats and paid First Quality $1,394.67.

36. The threats First Quality made to Plaintiff of garnishing her wages were false and misleading because First Quality had no right to garnish Plaintiff's wages at the time the statements were made.

37. The threats to sue Plaintiff and/or have Plaintiff served with a lawsuit were false and misleading because at the time the statement was made First Quality did not have the intention or authority to sue Plaintiff on the Account.

38. All of the communications between Plaintiff and First Quality described above caused Plaintiff to believe that a lawsuit had been filed against her or immanently would be filed.

39. The statements made to Plaintiff by First Quality during its campaign to coerce payment on the account as detailed in the above paragraphs were false, deceptive and misleading.

40. In all of the written and oral communications between Plaintiff and First Quality, First Quality failed to provide meaningful disclosure of their identity and failed to inform Plaintiff that the communication was with a debt collector or that First Quality was attempting to collect a debt or that any information obtained would be used for the purpose of collecting a debt.

41. First Quality failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g.

42. All of the conduct by First Quality described above was done knowingly and willfully.

43. First Quality's purpose for the communications with Plaintiff described above was to attempt to collect the accounts.

44. Each telephone call and each written correspondence individually conveyed information regarding the account directly or indirectly to Plaintiff.

45. The telephone call(s) and written correspondence(s) each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

46. The only reason that First Quality and/or representative(s), employee(s) and/or agent(s) of First Quality made telephone call(s) to Plaintiff was to attempt to collect the Account.

47. The only reason that First Quality and/or representative(s), employee(s) and/or agent(s) of First Quality had telephone conversation(s) with Plaintiff was to attempt to collect the Account.

48. The only reason that First Quality and/or representative(s), employee(s) and/or agent(s) of First Quality left message(s) for Plaintiff was to attempt to collect the Account.

49. The conduct of First Quality as described above was done knowingly and willfully and purposefully.

50. As a direct and proximate result of the aforesaid actions, Plaintiff was made to feel like a criminal and suffered actual damages in the form of fear, anxiety, stress, mental anguish, depression and/or distraction from normal life, all or each of which manifested in physical form of nausea and loss of appetite.

51. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

52. All of the conduct of First Quality as described above was done without a surety bond on file with the Texas Secretary of State as required by Tex. Fin. Code §392.101.

## **RESPONDEAT SUPERIOR**

53. The representative(s) and/or collector(s) at First Quality were employee(s) and/or agent(s) of First Quality at all times mentioned herein.

54. The representative(s) and/or collector(s) at First Quality were acting within the course and/or scope of their employment at all times mentioned herein.

55. The representative(s) and/or collector(s) at First Quality were under the direct supervision and/or control of First Quality at all times mentioned herein.

56. The actions of the representative(s) and/or collector(s) at First Quality are imputed to their employer, First Quality.

57. First Quality acted at all times as an agent of Vasconcellos.

58. The actions of First Quality are imputed to Vasconcellos.

59. Vasconcellos was aware of the collection practices used by First Quality.

## **COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY FIRST QUALITY FINANCIAL SERVICES LLC**

60. The previous paragraphs are incorporated into this Count as if set forth in full.

61. The act(s) and omission(s) of First Quality and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692(d)(5)&(6) and §1692e(2)&(3)&(4)&(5)& (7)&(8)&(10)&(11)&(13) and § 1692g.

62. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from First Quality.

## **COUNT II: VIOLATIONS OF THE TEXAS FINANCE CODE BY FIRST QUALITY FINANCIAL SERVICES, LLC**

63. The previous paragraphs are incorporated into this Count as if set forth in full.

64. The act(s) and omission(s) of First Quality and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.101 and 392.304(5)(A)&5(B)&(8)&(14)&(19).

65. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from First Quality.

66. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Defendant First Quality enjoining it from future violations of the Texas Finance Code as described herein.

### COUNT III: VIOLATIONS OF THE CALIFORNIA CIVIL CODE BY FIRST QUALITY FINANCIAL SERVICES, LLC

67. The previous paragraphs are incorporated into this Count as if set forth in full.

68. The act(s) and omission(s) of First Quality and its representative(s), employee(s) and/or agent(s) violated Cal. Civ. Code § 1788.10(e) and § 1788.11(b) and §1788.13(a)& (b)&(e)&(f)&(h)&(i)&(j) and 1788.16 and 1788.17.

69. Pursuant to Cal. Civ. Code § 1788.30, Plaintiff seeks damages, reasonable attorney's fees and costs from First Quality.

### COUNT IV: INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY FIRST QUALITY FINANCIAL SERVICES, LLC

70. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, First Quality is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion). First Quality intentionally intruded on Plaintiff's

solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

71. Plaintiff suffered actual damages from First Quality as a result of First Quality's intrusion.

### COUNT V:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY JOHN VASCONCELLOS

72. The previous paragraphs are incorporated into this Count as if set forth in full.

73. By influencing and/or controlling the conduct of First Quality, Vasconcellos is liable for the act(s) and omission(s) of First Quality and their representative(s), employee(s) and/or agent(s) for violations of 15 U.S.C. § 1692(d)(5)&(6) and §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11)&(13) and § 1692g.

74. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Vasconcellos.

### COUNT VI:  VIOLATIONS OF THE TEXAS FINANCE CODE BY JOHN VASCONCELLOS

75. The previous paragraphs are incorporated into this Count as if set forth in full.

76. By influencing and/or controlling the conduct of First Quality, Vasconcellos is liable for the act(s) and omission(s) of First Quality and their representative(s), employee(s) and/or agent(s) for violations of Tex. Fin. Code § 392.101 and 392.304(5)(A)&5(B)&(8)&(14)&(19) and Tex. Fin. Code § 392.306.

77. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Vasconcellos.

78. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Vasconcellos enjoining him from future violations of the Texas Finance Code as described herein.

### COUNT VII: VIOLATIONS OF THE CALIFORNIA CIVIL CODE BY JOHN VASCONCELLOS

79. The previous paragraphs are incorporated into this Count as if set forth in full.

80. The act(s) and omission(s) of Vasconcellos violated Cal. Civ. Code § 1788.10(e) and § 1788.11(b) and §1788.13(a)&(b)&(e)&(f)&(h)&(i)&(j) and § 1788.16 and § 1788.17.

81. Pursuant to Cal. Civ. Code § 1788.30, Plaintiff seeks damages, reasonable attorney's fees and costs from Vasconcellos.

### COUNT VIII: INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY JOHN VASCONCELLOS

82. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Vasconcellos is liable to Plaintiff for colluding with First Quality to invade Plaintiff's privacy (intrusion on seclusion). Vasconcellos intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

83. Plaintiff suffered actual damages from Vasconcellos as a result of the intrusion on Plaintiff's privacy.

## EXEMPLARY DAMAGES

84. Exemplary damages should be awarded against First Quality and Vasconcellos because the harm with respect to which Plaintiffs seek recovery of exemplary damages resulted from malice (which means that there was a specific intent by First Quality and Vasconcellos to cause substantial injury or harm to Plaintiffs) and/or gross negligence (which means that the actions and/or omissions of First Quality and Vasconcellos (i) when viewed objectively from the standpoint of First Quality and Vasconcellos at the time of the acts and/or omissions, those acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that First Quality and Vasconcellos had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

## JURY TRIAL DEMAND

85. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

86. Judgment in favor of Plaintiff and against First Quality Financial Services LLC as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Statutory damages in the amount of $100 for each violation of Tex. Fin. Code §392.001, *et seq*., pursuant to Tex. Fin. Code §392.403;

    e. Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

    f. An injunction permanently enjoining First Quality following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

    g. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403;

    h. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

    i. Statutory damages in the amount of not less than $100 nor greater than $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

    j. Reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c);

    k. Such other and further relief as the Court deems just and proper.

87. Judgment in favor of Plaintiff and against John Vasconcellos as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Statutory damages in the amount of $100 for each violation of Tex. Fin. Code §392.001, *et seq*., pursuant to Tex. Fin. Code §392.403;

    e. Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

f. An injunction permanently enjoining Vasconcellos following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

g. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403;

h. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

i. Statutory damages in the amount of not less than $100 nor greater than $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

j. Reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c);

k. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
11610 Pleasant Ridge Rd.
Suite 103, Box 208
Little Rock, AR  72223
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff